(50 Misc. Rep. 156)

### SEDDON et al. v. TAGLIABUE.

(Supreme Court, Appellate Term. March 26, 1906.)

TRIAL—REQUEST TO DIRECT VERDICT—EFFECT—SUBMISSION TO JURY.

A previous request to direct a verdict does not preclude a party from requesting to have the case submitted to the jury.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 399.]

Appeal from City Court of New York, Trial Term.

Action by Louis E. Seddon and another against Charles J. Tagliabue. Judgment for defendant, and plaintiffs appeal. Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Einstein, Townsend & Guiterman (Jos. J. Cunningham, of counsel), for appellants.

Kenneson, Emily & Rubino (Thaddeus D. Kenneson, of counsel), for respondent

O'GORMAN, J. The plaintiffs are fire adjusters, and sue to recover for breach of contract. The plaintiffs claim that they were employed by the defendant to adjust a fire loss upon an agreed compensation, that they accepted the employment, and that upon the following day the defendant attempted to cancel the agreement. The material features of the plaintiffs' testimony are contradicted, but, giving the plaintiffs the benefit of the most favorable inferences deducible from the evidence, the case presented a clear question of fact, which should have been submitted to the jury. This was the impression of the learned trial justice at the close of the trial, but, as each of the parties moved for a direction, the court held that the plaintiffs waived their right to go to the jury, notwithstanding their request so to do, on the intimation of the trial justice that he would direct a verdict for the defendant. This was error. It is well settled that a previous request to direct a verdict does not preclude a party from requesting to have the case submitted to the jury. Second Nat. Bank v. Weston, 161 N. Y. 528, 55 N. E. 1080, 76 Am. St. Rep. 283. As said in the case cited:

"No question was raised by the court or by the counsel for the defendants as to what particular question of fact the plaintiff desired to have the jury

pass upon, and the request as made was to have them pass upon the whole case. Under such circumstances, it was not necessary to name a particular question of fact any more than when a motion to nonsuit is granted."

Judgment reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.