(54 Misc. 270)

## SOLOMON v. LEVINE.

### (Supreme Court, Appellate Term. May 16, 1907.)

1. TRIAL—REQUEST TO GO TO JURY—WHEN MAY BE MADE.

Though, where both parties moved to direct a verdict, before final action was taken plaintiff could change his mind and ask to go to the jury, after verdict was directed for defendant, plaintiff's request to send the case to the jury was too late; and that on such request the court declared plaintiff. was too late, and repeated a direction of a verdict for defendant, did not alter the case.

2. SAME—SUBMISSION OF ENTIRE CASE—REQUISITES OF MOTION.

Where there is more than one issue.of fact, and both parties move for a directed verdict, a motion for the submission to the jury of the entire case may be denied, though made in time.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Harry Solomon against Eliocum Levine. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

David Bernstein, for appellant.

Phillips & Samuels, for respondent.

BRADY, J. The record shows the following situation: At the close of the testimony the plaintiff's attorney moved the court to direct a verdict for plaintiff. The attorney for defendant then moved for a similar direction in favor of defendant. The court said, "Both sides having moved for a direction, the court directs the jury to find a verdict in favor of defendant," and plaintiff's attorney thereupon excepted. The court directed the jury so to find, and it was so recorded. Plaintiff's attorney then said:

"I ask your honor for leave to send the case to the jury on the entire case and on the facts and on the statements—on the transactions that took place between the plaintiff and the defendant alleged to have taken place on the 8th day of February."

The court then said:

"It is too·late now; a motion having been made for a direction of the verdict. Gentlemen of the jury, by direction of the court you find a verdict in favor of the defendant."

Plaintiff's attorney noted an exception.

Both parties moved to direct a verdict, and the record shows that the court granted defendant's motion, to which plaintiff excepted, and that the court directed ·the jury so to find, and that it was so recorded. The plaintiff's request to go to .the jury was then too late. While, until final action had been taken by the actual direction of a verdict, the plaintiff's counsel could change his mind and ask to go to the jury (Second Nat. Bank v. Weston, 161 N. Y. 528, 55 N. E. 1080, 76 Am. St. Rep. 283; Seddon v. Tagliabue, 50 Misc. Rep. 156, 98 N. Y. Supp. 236), yet in this case the final action, as shown by the stenographer's minutes had been taken, and the plaintiff was too·

late. Besides, the request of plaintiff was to go to the jury on the entire case, and this is not a matter of right, even had it been made in time. Bowers v. O. A. & G. Corp., 110 App. Div. 691, 97 N. Y. Supp. 485. The subsequent declaration of the justice that the plaintiff was too late, and the court's repetition of the direction, does not alter the case. The judgment was justified by the evidence.

Judgment affirmed, with costs to respondent.

GILDERSLEEVE, J., concurs. SEABURY, J., concurs in result.