Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Eva T. Engel against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Joseph D. Kelly, for appellant.

Charles I. Engel (Robert Beyer, of counsel), for respondent.

PER CURIAM. This is a transfer case, and was tried before a jury. At the close of the whole case the trial justice directed a verdict for the plaintiff over the objection of the defendant. The defendant expressly requested permission to go to the jury upon the question of fact raised by its controverting proof, which was denied, and an exception thereto taken.

The plaintiff claims to have boarded the car at Broadway and Duane street; her destination being Lenox avenue and 138th street. The car she boarded was a Lexington avenue car. She testified that she asked for a transfer to enable her to take a car at 125th street, intending to ride west on that street, and then north on Lenox avenue to her home on 138th street, and that a transfer was refused her. The defendant proved that at the time of the alleged refusal it had instituted a system of, and was giving, transfers from the Lexington avenue line east and west on 125th street. The plaintiff alone testified in support of maintaining her cause of action. The plaintiff being an interested witness, it was error to withhold from the jury the right to pass upon her credibility. They may have disbelieved her statement that she was refused a transfer. It was, therefore, error to direct a verdict for the plaintiff. MacDonald v. Metropolitan Street Railway Company, 167 N. Y. 66, 60 N. E. 282.

The action being for a penalty, the plaintiff must be held to strict proof.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

---

(55 Misc. Rep. 201)
### BROWN et al. v. JOY S. S. CO.

(Supreme Court, Appellate Term. June 27, 1907.)

TRIAL—REQUEST TO GO TO JURY—WHEN MAY BE MADE.

In the trial of an action both parties moved to direct a verdict, whereupon the court said: "I will direct a verdict for plaintiffs." Immediately thereafter, and before the verdict was recorded, defendant asked leave to go to the jury, which was denied, and thereupon, by direction of the court, the jury found for plaintiffs. *Held*, that defendant's request did not come too late.

Seabury, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Louis Brown and another against the Joy Steamship Company. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Frederick C. Tanner (Edward Chase Crowley, of counsel), for appellant.

Gainsburg & Solomon (I. Gainsburg, of counsel), for respondent.

PER CURIAM. The action is for damages for defendant's failure to deliver a case of goods within a reasonable time after receipt thereof. One of the defenses is that the box containing the goods was negligently marked by plaintiffs, having three addresses on different sides of the box, and that this negligence of the plaintiffs contributed to defendant's delay in delivering the goods. Both sides asked for the direction of a verdict. The court then said: "I will direct a verdict for plaintiffs." Immediately thereafter, and before the verdict was recorded, the defendant's counsel said: "Then I ask for leave to go to the jury on this question." The court replied: "Pardon me, you have moved for a direction; and both sides having moved for a direction makes it imperative on the court to decide it." Defendant's counsel: "I except to that, your honor." Then, by direction of the court, the jury found a verdict for the plaintiff.

The court misconstrued the law as to its being imperative upon the court to decide the question of fact, under the circumstances above narrated. Until final action had been taken by the actual direction of a verdict, the defendant was at liberty to change his mind and ask to go to the jury. Second Nat. Bk. v. Weston, 161 N. Y. 520, 55 N. E. 1080, 76 Am. St. Rep. 283; Solomon v. Levine (Sup.) 104 N. Y. Supp. 443. While it may well be that, had the issue of plaintiffs' negligence, contributing to the delay, been submitted to the jury, they would have regarded the three addresses marked on the box, under the circumstances presented, as entirely insufficient to excuse the delay of the defendant in offering the box to the consignees, still there was a question of contributory negligence presented, which, under well-settled rules, should have been submitted to the jury.

There are other questions raised upon this appeal which it is unnecessary to discuss here, as the error above indicated calls for a reversal.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event.

SEABURY, J. (dissenting). When the trial justice said, "I will direct a verdict for the plaintiff," I think that it was too late to withdraw the motion that had been made. It was doubtless discretionary with the court to permit the withdrawal of the motion; but his failure to permit such withdrawal was not, in my judgment, an error that calls for reversal. Solomon v. Levine (Sup.) 104 N. Y. Supp. 443.

I think the judgment appealed from should be affirmed.